**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Orozco,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-17-00308-TUC-DCB<br><br>**ORDER** |

On March 8, 2018, the Court reversed the final decision of the Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security (Commissioner), without a remand for a rehearing and an award of benefits, (Order (Doc. 15)), with Judgment for the Plaintiff, (Judgment (Doc. 16)). Accordingly, the Plaintiff is a prevailing party. 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 296-97 & n.2 (1993). He meets the statutory requirement for an award of attorney fees because his net worth did not exceed $2,000,000 when the civil action was filed. 28 U.S.C. § 2412(d)(2)(B). The purpose of an attorney fee award under the Equal Access to Justice Act (EAJA) is to enable private litigants, like the Plaintiff, to afford the expense of seeking review of unreasonable government action and to encourage litigants of limited means, like the Plaintiff, to vindicate their rights. *Scarborough v. Principi*, 541 U.S. 401, 417 (2004).

Plaintiff is entitled to attorney fees under the EAJA if the Commissioner's position was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). The Commissioner has the burden of persuasion to show that her position was substantially justified, *Scarborough,* 541 U.S. at 414-15, meaning the Commissioner's position had a reasonable basis in law

and in fact, *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). When substantial evidence does not support an agency's decision, only in a decidedly unusual case will the government's position be substantially justified. *Campbell v. Astrue*, 736 F.3d 867, 869 (9th Cir. 2013); *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005).

As described by the Defendant, "the ALJ erred by failing to articulate legally sufficient reasons for discounting N.P. Danker's opinion, (Response (doc. 19) at 2-3), "that 'even absent the cannabis dependence,' the Plaintiff's limitations would NOT change," (Order (Doc. 15) at 11). The Defendant frames the error as a "run-of-the-mill error in articulation insufficient to make the Commissioner's position unjustified. (Response (Doc. 19) at 3.)

Not so. The Court found the ALJ erred in rejecting N.P. Danker's opinion because as an "other medical source," the ALJ had to provide germane reasons to reject her opinions. The Court addressed the ALJ's decision to give her opinion only "partial weight" because he found it was "not entirely consistent with the medical evidence of record.'" (Order (Doc. 15) at 12 (citing AR at 34)). The Court criticized the ALJ's finding because he "did not identify the medical evidence of record contrary to N.P. Danker's opinion." *Id.* at 15. "[I[n fact, Dr. Marks and the two agency psychiatrists all failed 'to address the distinctions in the claimant's functioning with and without substance abuse.'" *Id.* at 12.

The only evidence even mentioned by the ALJ were GAF scores. *Id.* The Defendant argues that "although the Court found that the GAF scores 'are not substantial evidence' supporting the ALJ's finding, [] they nevertheless amount to a reasonable basis in fact for that position." (Response (Doc. 19) 3-4.) Defendant argues that the Court specifically found that Plaintiff's GAF scores "arguably improved" when Plaintiff stopped using substances, and this amounted to "some evidence" supporting the Commissioner's position. *Id.* at 4.

Not so. The Court found "that the mere fact of arguably improved GAF scores, standing alone, is not a germane reason for rejecting N.P. Danker's opinion that even absent cannabis dependence, the Plaintiff's limitations would not change." (Order (Doc. 15) at

16.) Even if the Court considered the GAF score of 60 improved as argued by Defendant, it and certainly Plaintiff's lesser scores reflected moderate limitations which satisfy the standard for a severe impairment at step two of the disability determination that a claimant's disability has more than a minimal effect on daily living activities. *Id.* at 13-14. Hence, the Court's conclusion that the ALJ's rationale made "no sense," *id.* at 13, and there was "not substantial evidence to support a finding that if drug use were stopped the Plaintiff's remaining limitations would not be severe," *id.* at 15. The Court found that the ALJ's decision was based on credibility determinations based on legally insufficient vague boilerplate rationales. *Id.* at 16, n.18.

After reviewing its findings and conclusion that the Commissioner's decision was not supported by substantial evidence, the Court finds that the agency's decision was not substantially justified, i.e., it did not have a reasonable basis in law or fact. The Government has not carried its burden to challenge an award of attorney fees under the EAJA for the Plaintiff. There being no objection from Defendant related to the amount of fees requested by the Plaintiff, the Court finds the amount requested complies with the provisions of the EAJA because both the hourly rate and number of hours related to the attorney fee request are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A) ($125.00 per hour is the EAJA statutory rate, enhanced for the cost-of-living for 2017 is $196.79 and for 2018 is $200.09), *see also* (Memo Supporting Motion for Attorney Fees (Doc. 18), Ex. B and C; Reply (Doc. 20) at 7.)

Plaintiff, Joshua Orozco, has moved the Court to award him $8,411.87 in attorney fees under the EAJA, 28 U.S.C. § 2412(d).

**Accordingly,**

**IT IS ORDERED** that the Motion for Attorney Fees (Doc. 17) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorney fees in the amount of $8,411.87.

**IT IS FURTHER ORDERED** that if, after receiving the Court's EAJA fee order, the Defendant determines upon effectuation of the Court's EAJA fee order that Plaintiff

does not owe a debt that is subject to offset under the Treasury Offset Program, the fees will be made payable to Plaintiff's attorney. However, if there is a debt owed that is subject to offset under the Treasury Offset Program, the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney Meghan McNamara Miller.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall amend the Judgment accordingly.

Dated this 17th day of December, 2018.

_____
Honorable David C. Bury
United States District Judge